Cartter, C. J.,
delivered the opinion of the court:
The property in controversy belongs apparently to the separate estate of the wife, but there can be no doubt upon the *36 testimony that the united earnings and industries of husband and wife contributed to its purchase and improvement, and an equity by way of trust may therefore be deduced for the benefit of the defendant. But it is argued that though this may be so, yet no division of the property can be made, as. no alimony is asked in the original bill. The 9th section of the statute regulating divorces in this District is as follows:
“ In all cases where a divorce is granted, the court allowing the same shall have power, if it see fit, to award alimony to the wife, and to retain her right of dower, and to award to the wife such property, or the value thereof, as she had' when she was married, or such part or the value thereof as the court may deem reasonable, having a regard to the circumstances of the husband at the time of the divorce.”
If a narrow rule of construing this statute were adhered to, perhaps it might be held that the wife alone was to be considered on the question of property. But we deem it the more just and equitable meaning of this section, that the court is to award to the wife, upon her obtaining a divorce,, only such part of the property, by whatever title the same may be held, as is reasonable, in view of the circumstances of the husband. If the wife has acquired the legal title when it has been paid for by their joint earnings and industry, it must be regarded as a trust for the benefit of the husband as. well as of the wife. When, therefore, the statute directs that we shall allow the wife a reasonable portion of it, the power is given to divorce the property as well as the parties. And although alimony is not asked, it is nevertheless germane to the subject-matter of the petition, aud is directly presented by the cross-bill. The statute makes the matter of an equitable allowance, relative to a complaint in such a case, in order to prevent circuity of action. Both parties being interested in the property, it is our duty to set it off in such proportions as may be fair and reasonable under the circumstances of the litigants.
As to the amount and value of the interest to be partitioned, the justice who tried the case could estimate it properly, and we are satisfied with his conclusion.
The decree appealed from must be affirmed.
*37 Wylie, J.:
I wish to express my view as to a single question. It is objected on behalf of the complainant, in whose favor the decree of divorce was granted, that the court should not consider the property question which was raised by the cross-bill of the defendant, since nothing is proper to be set up in a cross-bill which is not pertinent to the matter of the original bill.
In my opinion, this subject is not only pertinent to the subject of divorce, but when it is presented by either party in the pleadings it cannot be separated from it, but must be settled by the court. This is expressly made the duty of the court by the act of Congress. Here the title to all the property is in the name of the wife. The husband claims that in equity he is the owner of the whole or at least a moiety of this property. It was all bought after the marriage; and if the wife’s money and earnings acquired subsequent to the marriage belong to the husband, it seems there is good ground for this claim on his part. Both parties took proofs on this subject, and the court below gave the wife about one-half of the property and the other half to the husband. Had the claim of the husband been rejected in this suit, the wife, holding as she did the legal title, would hold the whole simply by force of the decree of divorce, and it would have been res adjudicata against him in any future suit he might bring or the property.